UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


   -against-                                                                  1:06-CR-0395
                                                                                  (LEK)

TEDDY PULLIAM,

                                Defendant.
_____

## MEMORANDUM-DECISION AND ORDER

On October 12, 2006, Defendant Teddy Pulliam ("Defendant") was indicted on two counts of distribution and possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). See Indictment (Dkt. No. 1). Defendant has pled not guilty to the charges and is currently being detained at the Albany County Jail. Deft's Mem. of Law (Dkt. No. 10, Attach. 2) at 1. Presently before the Court is Defendant's Motion to suppress statements Defendant made during an interrogation on August 19, 2005. Deft's Motion to Suppress and Dismiss (Dkt. No. 10). Defendant has also moved to dismiss the Indictment on constitutional and Speedy Trial Act grounds. Deft's Mem. of Law (Dkt. No. 10, Attach. 2) at 1.

**I.      Background**

On August 19, 2005, agents of the Drug Enforcement Administration ("DEA") and the New York State Division of Parole arrested Defendant following his arraignment on state charges related to the alleged distribution and possession of a controlled substance in Schenectady County Court. Deft's Mem. of Law (Dkt. No. 10, Attach. 2) at 2; DEA Form - 6

1

(Dkt. No. 10, Attach. 4, Ex. C). DEA Special Agent Ronald Arp ("SA Arp") and Parole Officer Robert Georgia ("PO Georgia") appear to have arrested and interrogated Defendant. Id. The DEA Form -6 Report (the "DEA Report") memorializing the investigation states that PO Georgia witnessed SA Arp read Defendant his Miranda rights. DEA Form - 6 (Dkt. No. 10, Attach. 4, Ex. C). The DEA Report also summarizes statements attributed to Defendant as follows:

> PULLIAM reported the following information to SA Arp and PO Georgia after he was advised of his rights. "Okay what do you guys want from me." SA Arp requested that PULLIAM be truthful and explain where he may be keeping any illegal narcotic or proceeds from the sale of narcotics. PULLIAM responded that he did not have any. PULLIAM then reported that his guy was arrested approximately one month ago on the highway between New York City and Albany in possession of a weapon. PULLIAM was reluctant to advise SA Arp of this individual's name and was bringing kilograms of cocaine to the area. SA Arp then asked PULLIAM if he was receiving kilograms of cocaine from this individual. PULLIAM advised that he was telling the Agents too much and requested to speak with an attorney before giving anymore information.

Id.

Defendant ultimately pled guilty at his parole revocation hearing to driving a car without permission. Deft's Mem. of Law (Dkt. No. 10, Attach. 2) at 3. Defendant was released from Schenectady County Jail on October 17, 2005, when his parole sentence expired. Id.

Pursuant to a motion by Defendant on September 12, 2006, Schenectady County Court dismissed the state charges, which were related to events in the Indictment before this Court, against Defendant. Id. According to Defendant, the dismissal was based on the State's failure to present Defendant's case to a grand jury for over a year. Id. While Defendant's motion was pending, the federal grand jury indicted Defendant on charges related to the same events in the United States District Court for the Northern District of New York. Id.

2

**II.     Discussion**

    **A.     Suppression of Statements**

According to Defendant, the Government has indicated that it intends to introduce statements allegedly made by Defendant to SA Arp and PO Georgia during their interrogation at the Schenectady County Police Department on August 19, 2005.  Id.  Defendant seeks to prohibit the Government from introducing the alleged statements based on Fifth and Sixth Amendment grounds.

        **1.     Fifth Amendment Due Process Right**

Defendant argues that SA Arp was required to provide him with Miranda warnings before commencing what is asserted to have been a custodial interrogation at the Schenectady Police Department.  Id. at 6.  Defendant asserts that SA Arp did not "effectively advise [him] of [his] Miranda rights, nor ask [him] to waive any such rights."  Deft's Declaration (Dkt. No. 10, Attach. 3) at ¶ 6.  The Government asserts that the facts as set forth by Defendant do not establish that Defendant was subjected to an "interrogation" that would have required SA Arp to advise Defendant of his rights.  Gov.'s Response (Dkt. No. 11) at 3.  Nevertheless, the Government maintains that SA Arp did administer the proper Miranda warnings to Defendant. Id. at 2.  However, the Government concedes that if the Court finds that Defendant was interrogated, a hearing would be necessary to resolve what is a factual dispute regarding the administration of Miranda warnings to Defendant.  Id.

    As a threshold matter, a defendant must be advised of his right not to incriminate himself

3

under the Fifth Amendment only when he is: (1) in custody and (2) under interrogation. United States v. Miller, 382 F. Supp. 2d 350, 370 (N.D.N.Y. 2005) (Sharpe, D.J.). The Government argues that Defendant initiated a conversation when he allegedly stated, "[o]kay what do you guys want from me." Gov.'s Response (Dkt. No. 11) at 3. As a result, according to the Government, the inquiry about cooperation originated with Defendant, not SA Arp or PO Georgia, and, therefore, Defendant was not interrogated for Fifth Amendment purposes. Id. The United States Supreme Court has held that an interrogation occurs when a person in custody is expressly questioned or subjected to words or actions that the police should know are reasonably likely to elicit an incriminating response. See Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). The Court cannot determine the exact sequence of events from the insufficiently detailed summary of the discussion discussed above and contained in the DEA Report. Accordingly, at this time, the Court cannot hold as a matter of law that Defendant was not subjected to an interrogation.

Additionally, Defendant's assertion that SA Arp did not give the Miranda warnings does create a specific factual dispute that cannot properly be resolved without an evidentiary hearing. See United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998). The Government has the burden to prove at such a hearing that the proper warnings were given to Defendant; failure to do so would require the suppression of Defendant's statements. Id. (citing Colorado v. Connelly, 479 U.S. 157, 168-69 (1986)). Therefore, the Court reserves judgment on the Fifth Amendment claim and finds that it would be beneficial to hold an evidentiary hearing in this matter, at which time counsel for both parties shall address all of the issues raised in Defendant's Motion and the

Government's response.

### 2.     Sixth Amendment Right to Counsel

Defendant states that SA Arp interrogated him about drug offenses after he had been charged and arraigned in Schenectady County Court on narcotics related offenses. Deft's Mem. of Law (Dkt. No. 10, Attach. 2) at 5. As a result of his arraignment, Defendant asserts that his right to counsel under the Sixth Amendment to the United States Constitution had attached. Id. Therefore, according to Defendant, any statements he made to SA Arp should be suppressed because they were elicited from him in the absence of counsel and without a knowing and intelligent waiver of his right to counsel after said right had attached. Id. The Government asserts that the right to counsel had not attached because the elements of the state offense on which Defendant had been arraigned are not identical to those at issue in the Indictment before the Court. Gov.'s Response (Dkt. No. 11) at 3.

The Sixth Amendment right to counsel does not attach until after the initiation of adversary judicial criminal proceedings, either by indictment or information. United States v. Mills, 412 F.3d 325, 328 (2d Cir. 2005). The right to counsel is offense specific and it encompasses offenses that, though not formally charged, would be considered the same as the charged offense under the test articulated by Blockburger v. United States, 284 U.S. 299 (1932). See Mills, 412 F.3d at 329. The Blockburger test has been applied to define what is a "same offense" for double jeopardy purposes. Id. Two offenses cannot be considered the same under the right to counsel when the violation of one offense requires proof of a fact that the other

5

offense does not.  Id.  While Defendant asserts that the same facts are at issue in the Indictment as those in state court, the Court cannot determine whether the Government must prove the same facts to convict Defendant in this Court and reserves judgment on this claim.  Therefore, in order to determine whether Defendant's statements should be suppressed pursuant to his Sixth Amendment rights, Defendant and the Government should also address the nature of the Government's burden of proof in relation to the federal charges and how that compares to the burden required by the previously dismissed state charges.

### B.  Dismissal of the Indictment

#### 1.  Statutory Speedy Trial Rights

Defendant argues that because he was not indicted within thirty (30) days of his arrest, the Indictment must be dismissed pursuant to 18 U.S.C. § 3162(a)(1).  Deft's Mem. of Law (Dkt. No. 10, Attach. 2) at 9.  Defendant argues that, according to the DEA Report, SA Arp arrested him on August 19, 2005, but that the Indictment was not filed until October 12, 2006, 419 days after his arrest.  Id.  The Government states that the docket shows that there was no federal arrest until after the Indictment was filed, and that, therefore, 18 U.S.C. § 3161(b) is inapplicable and the Indictment should not be dismissed.  Gov.'s Response (Dkt. No. 11) at 4.  These two positions are in direct dispute and, without more information regarding Defendant's arrest pursuant to federal charges, the Court cannot determine if the Speedy Trial Act applies in the instant matter and reserves judgment. See United States v. Jones, 129 F.3d 718, 721-23 (2d Cir. 1997) (defendant does not become an "accused" for statutory purposes until under federal

6

arrest).

### 2.     Fifth Amendment Grounds

To establish a due process violation, a defendant must show that the Government's pre-accusation delay was an intentional device used to gain a tactical advantage or to harass the defendant, and that the delay resulted in actual and substantial prejudice.  United States v. Gouveia, 467 U.S. 180, 192 (1984).  Defendant asserts that the Government delayed the filings of charges against him in order to gain a tactical advantage in its prosecution.  Deft's Mem. of Law (Dkt. No. 10, Attach. 2) at 10.  The Government explains that it exercised its prosecutorial discretion and delayed in order to allow Defendant to plead guilty to charges that would have amounted to less jail time in state court.  Gov.'s Response (Dkt. No. 11) at 6.  There is little in the record to suggest that the Government delayed in order to gain an advantage over Defendant.  However, the Court reserves judgment on this claim, and Defendant will be given an opportunity to present evidence that supports his claim that the Government delayed its prosecution as leverage to compel him to plead to the state charges.

### 3.     Sixth Amendment Grounds

A number of issues related to whether the Indictment should be dismissed based on Defendant's speedy trial rights under the Sixth Amendment will be addressed at the evidentiary hearing, including: when the arrest occurred, the reason for any delay by the Government, and whether Defendant suffered any prejudice as a result.  Therefore, the Court will also reserve

judgment as to Defendant's Sixth Amendment claim.

Based on the foregoing discussion, it is hereby

**ORDERED**, that an **EVIDENTIARY HEARING** shall be held on Thursday, April 26, 2007, at 11:00 o'clock in the forenoon, in **Courtroom No. 1 of the James T. Foley United States Courthouse, 445 Broadway, Albany, New York**.  At said evidentiary hearing, the parties should be prepared to address **ALL of the issues** raised in Defendant's Motion to suppress and dismiss (Dkt. No. 10) and the Government's Response papers (Dkt. No. 11); and it is further

**ORDERED**, that the Court **RESERVES JUDGMENT** on all of the issues raised in Defendant's Motion (Dkt. No. 10) until after having heard counsel's arguments at the hearing; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      April 17, 2007
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge